# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            **ORDER**
                                  Criminal File No. 08-232 (MJD/AJB)

(8) JERRY MARTESE DUBOSE,

    Defendant.

This matter is before the Court on Defendant Jerry Martese Dubose's "Motion for Modification of Imposed Term of Imprisonment (18 U.S.C.S. § 3582(C)(1)(B)) and the Supreme Court Ruling in Hill v. United States." [Docket No. 609]

On March 26, 2012, this Court issued an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 579], denying Dubose's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) because:

> Defendant was sentenced to 120 months in prison, the statutory mandatory minimum. 21 U.S.C. § 841(b)(1)(A). Because he was sentenced to the statutory minimum sentence, Defendant is not eligible for a sentence reduction based on the amended crack guidelines. See United States v. Peters, 524 F.3d 905, 906 (8th Cir. 2008). Also, the reduced statutory mandatory minimum penalties

1

set forth in the Fair Sentencing Act are not applied retroactively. See United States v. Smith, 632 F.3d 1043, 1047-49 (8th Cir. 2011).

On April 9, 2012, Dubose filed a "Notification of Ultra Vires Order & Seeking Relief from the Order Denying Relief from Illegal & Discriminatory Top Management Directives, Middle Management Policy, & USDC Local Administration Implementations"[Docket No. 583] seeking reconsideration of the Court's March 26 Order. On April 13, 2012, the Court denied the motion because it concluded that its March 26 Order was correct. [Docket No. 584] The Eighth Circuit Court of Appeals summarily affirmed this Court's Order on May 21, 2012. [Docket No. 595]

Dubose has now filed a "Motion for Modification of Imposed Term of Imprisonment (18 U.S.C.S. § 3582(C)(1)(B)) and the Supreme Court Ruling in Hill v. United States." [Docket No. 609] Dubose requests that the Court reconsider its prior orders and grant a modification of his sentence under 18 U.S.C. § 3582(c)(2) or 18 U.S.C. § 3582(c)(1)(B) in light of the United States Supreme Court decision in Dorsey v. United States, 132 S. Ct. 2321 (2012). In Dorsey, the Supreme Court held that the Fair Sentencing Act's more lenient mandatory minimum sentences applied to defendants whose unlawful conduct took place before the Fair Sentencing Act took effect, August 3, 2010, but whose sentencings

2

occurred after the Act took effect on August 3, 2010. 132 S. Ct. at 2335 ("[W]e conclude that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders."). Here, Dubose's sentencing took place on November 18, 2009, before the Fair Sentencing Act was enacted. Therefore, the reduced statutory mandatory minimum penalties are not applicable. See, e.g., United States v. Fenner, Criminal No. 06–211(01)(MJD), 2012 WL 2884988, at *2 (D. Minn. July 13, 2012) ("No court has yet granted relief to a defendant who was sentenced before the effective date of the FSA, in light of Dorsey. Contrary to Petitioner's argument, there is no language in the Dorsey decision that would support his request for relief. Dorsey is based on the principle that in federal sentencing, the ordinary practice is to apply penalties in effect at the time of sentencing, and that language in the FSA implies that Congress intended to follow this principle.") (citations omitted). The result is the same under either 18 U.S.C. § 3582(c)(2) or 18 U.S.C. § 3582(c)(1)(B).

Accordingly, based upon the files, records, and proceedings herein**, IT IS**

**HEREBY ORDERED**:

Defendant Jerry Martese Dubose's Motion for Modification of Imposed Term of Imprisonment (18 U.S.C.S. § 3582(C)(1)(B)) and the Supreme Court Ruling in Hill v. United States. [Docket No. 609] is **DENIED**.


Dated: October 31, 2012         s/ Michael J. Davis
                                Michael J. Davis
                                Chief Judge
                                United States District Court